Lundy v. Hazlett.*

(Division B. April 11, 1927. Suggestion of Error Overruled May 16, 1927.)

[112 So. 591. No. 26375.]

1. Evidence. *Purchaser can sue for vendor's false representations as to number of acres, though deed gives no number.*

Action of deceit for false representations of vendor as to number of acres in the tract that he was selling is maintainable, though deed given by him does not specify number of acres sold.

2. Fraud. *Vendor's false representation as to acreage is actionable though in good faith.*

   If vendor's representation as to acreage of tract sold· was false, action of deceit will lie, though representation was made in good faith.

3. Limitation of Actions. *Vendor's continuing false representations as to acreage after sale held fraudulent concealment tolling limitations* (*Hemingway's Code, section* 2473).

   Purchaser's cause of action for vendor's false representations as to acreage *held* fraudulently concealed, preventing running of statute under Hemingway's Code, section 2473, by vendor continuing after sale the false representations, whereby purchaser was deterred from investigating.

---

\*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1219, n. 85; Fraud, 26CJ, p. 1114, n. 58; p. 1199, n. 97; p. 1200, n. 11; Limitation of Action, 37CJ, p. 975, n. 41; p. 978, n. 66; p. 979, n. 71; As to whether fraudulent representation by vendor as to area within boundaries correctly pointed out actionable, see annotation in 23 L. R. A. (N. S.) 487; 12 R. C. L. 385; 2 R. C. L. Supp. 1422; 5 R. C. L. Supp. 642; On statutory exceptions as to running of statute of limitation in case of concealed fraud, see 17 R. C. L. 852, 3 R. C. L. Supp. 741; 4 R. C. L. Supp. 1157; 6 R. C. L. Supp. 1037.

Appeal from circuit court of Leflore county.
Hon. S. F. Davis, Judge.

Action by Mrs. Lillie M. Hazlett against J. I. Lundy. Judgment for plaintiff, and defendant appeals. Affirmed.

*H. C. Mounger,* for appellant.

Our contention is that the various instruments being the written contract between the parties, control; that they plainly show that the land was sold as a tract and not by the acre and that no number of acres was mentioned or warranted; that no parol evidence was admissible to vary the terms of the written contract or to contradict it, either as to the sale being a sale by the acre or as to the number of acres; that no evidence of antecedent negotiations and transactions leading up to the sale were admissible on the part of the plaintiff; that all antecedent negotiations and transactions were merged

in the written contract and in the deeds, which were the final evidence of the contract between the parties; further, that Wainwright was the exclusive agent, according to the terms of the contract between Lundy and Wainwright, for the sale of the place and that his authority was limited by this contract; that he had no right to make any representations as to acreage beyond the contract; that Lundy is not bound by any representations made by Casler and Giles, for according to the contract they were not employed by him, nor was Wainwright authorized to employ them, nor were they authorized to make any representations as to the acreage; and that Lundy is not bound by any representations made by any one of the three, however false or fraudulent they might have been.

We further claim that the action is barred by the six-year statute of limitations; that this is not a case of concealed fraud; that from the nature of the case, the doctrine of concealed fraud cannot apply; that the land was open and subject to inspection and after the plaintiff got possession of it and after the deed was passed, she could have had it surveyed; that the records and township plats were in the chancery clerk's office subject to inspection; and, furthermore, that Lundy was under no duty after the sale to the plaintiff and had no control over the plaintiff to prevent her from ascertaining the true acreage.

I.    The written contract controls. *Carmichael* v. *Foley,* 1 How. 592; *Watson* v. *Owen* (Miss.), 107 So. 866; *Progressive Bank of Summit* v. *McGehee* (Miss.), 107 So. 876; *McInnis* v. *Manning* (Miss.), 95 So. 250-252; *Hill* v. *Weil* (Ala.), 80 So. 537; *Cooper* v. *Robinson Investment Co.,* 117 Miss. 108, 118, 77 So. 953; *Baum* v. *Lynn,* 72 Miss. 932; 4 Am. & Eng. Ency. Law (2 Ed.), page 795; *Thompson* v. *Bryant,* 75 Miss. 15; *Johnson* v. *Johnson,* 74 Miss. 552; *Hightower* v. *Henry,* 85 Miss. 479; *Dodge* v. *Cutrer,* 101 Miss. 846.

This was a sale in gross and not a sale by the acre. There is nothing ambiguous in the deed warranting the

admission of parol evidence even to explain, much less to vary, the deed. 15 Cyc. 1216; *Gulf Coal & Coke Co.* v. *Musgrove* (Ala.), 70 So. 182; *Hess* v. *Cheney,* 3 So. 792; *Eskridge* v. *Eskridge,* 51 Miss. 527; *Phipps* v. *Tarpley,* 24 Miss. 598; *Fulton* v. *McAfee* (Miss.), 5 How. 763; 29 Am. & Eng. Ency of Law (2 Ed.), page 625; *Kerr* v. *Kuykendall,* 44 Miss. 143; *Fleming* v. *Miller,* 87 So. 277, 124 Miss. 721 at 723; 9 C. J., page 220; 4 Am. & Eng. Ency. Law (2 Ed.), 789; 29 Cyc., page 1585; *Braswell* v. *Fisk* (Ala.), 45 So. 71; *Terry* v. *Rich* (Ala.), 74 So. 76; *Cox* v. *Collins,* 88 So. 441; 33 A. L. R. 1050; 18 C. J. 287 and note; 39 C. J. 1312 et seq.; *Seafood Co.* v. *Myers,* 109 So. 674.

II.   The cause of action was plainly barred by the six-year statute of limitations. The date of the deed is July 24, 1918. The declaration was filed September 12, 1925. This makes an interval of seven years and nineteen days. For this reason we were entitled to a peremptory instruction.

Plaintiff takes refuge in the exception of concealed fraud. Section 2473 (3109), Hemingway's Code. It devolves on the plaintiff to show that she could not with reasonable diligence have discovered the fraud sooner. We maintain that this is a case where the fraudulent concealment of the cause of action does not apply. Here was a case of land lying open. The section was not concealed and could not be concealed. The plats in the office of the chancery clerk clearly showed the number of acres and were not concealed and could not be concealed by Lundy from the plaintiff. There was nothing to prevent the plaintiff at any time, either before or after she got her deed, from having this tract of land surveyed. She had ample time and opportunity at any time after July 24, 1918, before the bar of the statute of limitations accrued to have the property surveyed and ascertain the number of acres. The defendant had no control over the county records and had no control over the different surveyors in the county. *Thornton* v. *City of Natchez,* 88 Miss. 1

at 20; *Adams* v. *Belt,* 100 So. 194; *Gordon* v. *Anderson,* 90 Miss. 684; *Jones* v. *Rogers,* 85 Miss. 838; *Buckner* v. *Calcote,* 28 Miss. 596; *State* v. *Furlong,* 60 Miss. 844; *Hudson* v. *Kimbrough,* 74 Miss. 346; *Anderson* v. *Burnett,* 5 How. 167; *Fleming* v. *Grafton,* 54 Miss. 84.

The plaintiff could have discovered the true number of acres by the exercise of reasonable diligence at any time after July 24, 1918, before the bar of the statute accrued, and this is not a case where the exception of concealed fraud applies.

*Osborn & Witty* and *Means Johnston,* for appellee.

I.   Lundy's suit was defended in the lower court largely on the theory that any and all agreements between Lundy and Mrs. Hazlett were merged in the deed; that the deed is the only basis of Lundy's liability to Mrs. Hazlett; that the acreage was not guaranteed or warranted in the deed; and that no testimony as to representations made by Lundy to the real estate men or by them to Mrs. Hazlett was admissible on account of being violative of the parol evidence rule.

This is not a suit under the provision of the deed and is not a suit for breach of any express warranty. This is an action in deceit. It is purely an action in tort. It is nothing more or less than that and appellant's brief, which in the first twenty-two pages cites and quotes numerous authorities in regard to the parol evidence rule, is utterly beside the issue.

This action for deceit is certainly not new to the courts. The claim of Mrs. Hazlett for damages does not arise out of the provisions of the deed, but on account of the false and fraudulent representations which were an inducement to and caused Mrs. Hazlett to accept the deed and to pay over her money. *Vincent* v. *Corbett,* 47 So. 641, 94 Miss. 46. See, also, *Hines* v. *Lockhart,* 105 So. 449; *McNeer* v. *Norfleet,* 74 So. 577, 113 Miss. 611; *Alex-*

*ander* v. *Meeks,* 96 So. 101, 132 Miss. 298; *Oldham* v. *Memphis Stone & Gravel Co.,* 111 So. 357.

"Parol evidence is admissible to show fraudulent mis-representations by the vendor as to the quantity of the land sold, though not in any manner incorporated in the deed consummating the contract." 10 R. C. L., page 1059.

II. Appellant relies on the six-year statute of limitations to bar this suit. It is true that the suit was not brought until slightly more than seven years after the land was purchased. However, we say that this case comes squarely within the provisions of section 2473, Hemingway's Code.

This cause of action was fraudulently concealed and it accrued under this statute only in October, 1924, at which time it was discovered and before which time it could not with reasonable diligence have been so discovered.

The rule has been laid down by this court and by countless other courts that where one against whom a cause of action exists by active misrepresentations or by any fraud or artifice or affirmative acts, lulls such other into security and thereby causes such other to refrain from searching the records or from discovering the cause of action, then this amounts to concealed fraud and the statute does not run. *Buckner* v. *Calcote,* 28 Miss. 432; *State* v. *Furlong,* 60 Miss. 839; *Carrier* v. *R. R. Co.,* 6 L. R. A. 799; *American Bonding Co.* v. *Fourth Nat. Bank,* 91 So. 480; 17 R. C. L., page 859; *Groendall* v. *Westrate,* Ann. Cas. 1914B 906; 37 C. J. 975; *Madole* v. *Miller,* 119 Atl. 829, is a case almost identical with the case at bar. See, also, *Bank* v. *Peary,* 144 Mass. 313, 11 N. E. 81; *Smith* v. *Blair,* 133 Ind. 367, 32 N. E. 1123; *Birks* v. *McNeill* (Ia.), 170 N. W. 485; *Harvester Co.* v. *Wilson,* 210 S. W. 574; *Gerry* v. *Dunham,* 57 Me. 334; *Bradford* v. *McCormick,* 71 Iowa, 129, 32 N. W. 93; *Billingslea* v. *Whitelock,* 112 Okl. 192, 240 Pac. 722. To the same effect, see *Gamer Co.* v. *Gamage* (Tex.), 241 S. W. 736; *Cloyd* v. *Reynolds,* 44 Pa. Sup. Ct. 81.

Independently of the statute, on broad general principles, Lundy by his conduct has estopped himself from pleading the statute of limitations. It has been held by this court and by the great weight of authority everywhere that one who by his fraudulent conduct deters another from bringing suit or discovering a cause of action against him is estopped to plead the statute of limitations. 37 C. J. 972; *Waugh* v. *Gas. Co.,* L. R. A. 1917B 1253; *Rosenthal* v. *Walker,* 28 L. Ed. 397; *Mathews* v. *Mathews,* 6 So. 201, 66 Miss. 239; 25 Cyc. 1016; *Kelly* v. *Wagner,* 61 Miss. 299; *Union Mortgage Co.* v. *Peters,* 72 Miss. 1058, 18 So. 497, 500; *Hyman* v. *Bank,* 71 So. 598; *Barnett* v. *Nichols,* 56 Miss. 622; *Dayhood* v. *Neely,* 99 So. 440, 135 Miss. 14.

Appellant says that Mrs. Hazlett through herself and her husband did not use due diligence to discover the cause of action; that the true acreage was a matter of public record; that if Mrs. Hazlett or her husband had gone to the records in the chancery clerk's office in Greenwood, the correct acreage could and would have been readily ascertained; and that the failure of Mrs. Hazlett and her husband to inspect the records amounts to a failure on their part to exercise due diligence under the statute.

Whether or not any person has exercised due diligence in any instance must be determined from the peculiar facts and circumstances of each case. This is elemental and well settled. *Steck* v. *Colorado Fuel & Iron Co.,* 25 L. R. A. 67; *Rosenthal* v. *Walker,* 28 L. Ed. 399; 17 R. C. L., page 859; *Parham* v. *Randolph,* 4 How. 435, 35 Am. Dec. 403; *Lioverin* v. *Kuhne* (Conn.), 33 A. L. R. 852; *Mead* v. *Bunn* (1865), 32 N. Y. 275; *Norris* v. *Hay* (1906), 149 Cal. 695, 87 Pac. 380; *Yeates* v. *Pryor,* 11 Ark. 58.

Plaintiff's case was overwhelmingly proved by the evidence and the jury was not only well warranted in rendering its verdict, but could hardly have done otherwise.

*Wells, Stevens & Jones,* in reply, for appellant.

This whole proceeding is a challenge to the fundamental, time honored rule of law that a written contract speaks for itself and cannot be varied by any parol testimony, especially the testimony of a party to that contract. Even conceding that Lundy believed that the tract contained three hundred sixty-six acres, yet he did not represent this as a material fact prior to the sale and the plaintiff is bound by his averments on that phase of the case.

This is an action of deceit. Fraud is an essential element to be charged and proved. It is never presumed, but must be shown by clear and convincing testimony.

Mr. and Mrs. Hazlett both went and looked at this land before they ever purchased it; they had an opportunity to look at it and had the lines pointed out; and there is no testimony that Giles or anybody else pointed ont the wrong lines. The purchasers had not only equal means of information, but actually went and viewed the premises.

One of the very strongest cases in support of the foregoing propositions is a decision of the supreme court of the United States in *Farrar* v. *Churchill,* 34 L. Ed. 246, wherein Mr. Chief Justice FULLER had occasion to pass on the question of alleged fraud in the sale of a Mississippi plantation and, therefore, was called on to review the true doctrine of this state on this subject. In this connection we commend to the favorable consideration of this court the observations of the Massachusetts court in *Mabardy* v. *McHugh,* 208 Mass. 148, 88 N. E. 894.

In the case at bar there is no competent evidence that this sale was by the acre. There is no written evidence in the record that Lundy bound himself to a sale by the acre. This being true, the observation of the Tennessee court in *Rich* v. *Scales,* 116 Tenn. 57, 91 S. W. 50, applies. If we apply this rule to the case at bar, we find, first, that this must be considered a sale in gross; secondly, that the deed does not recite the number of acres; and, in the third place, that the vendee has inspected the land. See

*Sample* v. *Bridgforth,* 72 Miss. 293; *Shappirio* v. *Gold-berg,* 48 L. Ed. 419. As approving this doctrine, see, also, *King* v. *Lamborn,* 186 Fed. 28, holding that a purchaser cannot rescind a contract for the purchase of land where he had the means of ascertaining the truth. See, also, the case of *Meland* v. *Youngberg,* 124 Minn. 453, Ann. Cas. 1915B 775, holding that a purchaser making full and complete examination of personal property cannot assert that he relied upon misrepresentations of the adverse party.

The acreage was not a matter which the purchaser emphasized in any way and was not a condition precedent. The purchaser took possession January 1, 1919. At that time the tract book on file with the chancery clerk showed the acreage.

If tax receipts impute notice to Lundy as to the acreage, they certainly impute notice to the purchaser, because the purchaser began paying the taxes on the same land and according to the same tax receipts; and, therefore, the plaintiff is in a very inconsistent position in saying that she did not know what the acreage was and yet contending that these same tax receipts were sufficient to impute notice to Lundy. If the tax receipts gave notice to Lundy of the exact acreage, then certainly they gave notice to Mrs. Hazlett. The plaintiff contends that the tract book was on file and gave notice to Lundy and that in the face of this notice he represented the acreage to be three hundred sixty-six acres. The same tract book gave the same notice to Mrs. Hazlett and her husband or agent. *Hall* v. *Thompson,* 1 S. & M. 443, is directly applicable and speaks with peculiar force here. The opinion was by the illustrious Sharkey. See, also, 27 C. J., page 70.

Counsel for appellee have filed a very elaborate brief stressing the proposition that this is essentially an action for deceit. It occurs to us that counsel have gotten up a sort of hybrid case based partly on alleged fraud and partly on the deeds of conveyance. When it comes

to making out their right to recovery for anything, they rely upon the alleged fraudulent representations. When it comes to the measure of damages, they fly in the face of the writings and enter the wide open door of parol testimony to show how the purchaser figured the consideration and actually got a peremptory instruction from the court on the measure of damages.

Accepting for argument counsel's conception of the plaintiff's case, that this is an action for deceit, we would emphasize the fundamental proposition that fraud is an essential element and that there must be an intention to deceive. The whole action is founded upon moral turpitude. There must be a moral as well as a legal wrong. To get back to the first principles on the subject, see *Cowley* v. *Smith,* 46 N. J. L. 380. We also cite in this connection the leading English case of *Derry* v. *Peek,* L. Rep., 15 App. Cas. 337. Counsel, however, seem to think there is much comfort for them in *Vincent* v. *Corbett,* 94 Miss. 46. That case is easily differentiated from the case at bar.

The court does hold that knowledge is an essential element to be proved. But the court indicates that in certain rare exceptions reckless statements might be equivalent to fraud. Now, there is no evidence in the case at bar of any reckless conduct or reckless statements on the part of Lundy. The fact is they rely upon no statements made directly by Lundy. *So. Development Co.* v. *Silva,* 125 U. S. —, 31 L. Ed. 678, is a very sensible statement and announces a very just rule of law and peculiarly applicable to this case. See, also, *Kountze* v. *Kennedy,* 147 N. Y. 124, 29 L. R. A. 360; *Penn. Mut. Life Ins. Co.* v. *Mechanics Savings Bank & Trust Co.,* 37 U. S. App. 692, 38 L. R. A. 33.

On the question of the degree of proof the following cases hold that mere evidence that the defendant had reasonable cause to believe that his statements were untrue will not constitute sufficient proof of *scienter. Pearson* v. *Howe,* 1 Allen 207; *Stone* v. *Denny,* 4 Met. 151; *Tryon*

v. *Whitmarsh,* 1 Met. 1, 35 Am. Dec. 339; *Marsh* v. *Falker,* 40 N. Y. 562; *Marshall* v. *Fowler,* 7 Hun. 237; *McKnown* v. *Fergason,* 47 Iowa 636; *Kimber* v. *Young,* 70 C. C. A. 178, 137 Fed. 744.

*The question of concealed fraud.* The action was clearly barred and none of the authorities cited by counsel, in our judgment, are controlling. In an action of deceit the cause of action accrues from the date of the alleged fraudulent representation. It is undisputed that the purchaser took charge of the land and remained in possession for more than seven years and visited the land every year. The fact that the purchaser was a nonresident avails nothing. *Thornton* v. *Natchez,* 88 Miss. 1. In the nature of things the purchaser had every means of knowledge which Lundy had. She went into possession; she had access to all the public records; she paid the taxes and so the tax receipts and the means of knowledge were accessible.

If the plaintiff by reasonable diligence might have discovered this mistake or fraud, then the statute begins to run from the time at which the fraud could be first known or discovered. This is not a case of confidential relationship or a case where a trustee or fiduciary owes a continuing duty. *Cook* v. *Rives,* 13 S. & M. 329.; *Young* v. *Cook,* 30 Miss. 320; *Buckner* v. *Calcote,* 28 Miss. 432; *Edwards* v. *Gibbs,* 39 Miss. 166; *Fleming* v. *Grafton,* 54 Miss. 79; *McCarlie* v. *Atkinson,* 77 Miss. 594, 27 So. 641; *Thornton* v. *Natchez,* 88 Miss. 1, 41 So. 498; *Masonic Benefit Ass'n* v. *First State Bank,* 99 Miss. 610, 55 So. 408.

The well-reasoned opinion of the Colorado court with an elaborate case-note on the effect of laches will be found in *Williams* v. *Woodruff,* 5 L. R. A. (N. S.) 986.

In the nature of things Mr. Lundy could not conceal a shortage of fifty acres of land. Properly analyzed this case presented an imaginary picture of Mr. Lundy attempting to conceal a material shortage in area or quantity of land by mere casual statements on his part that it was a large section. In the nature of things Lundy could

not conceal the area which was open and notorious and in the exclusive possession of the purchaser cultivating it and paying taxes and having every available means of knowledge.

Argued orally by *H. C. Mounger* and *J. M. Stevens,* for appellant, and *F. M. Witty,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

J. I. Lundy appeals from a judgment of five thousand eight hundred ninety-eight dollars and sixty-seven cents recovered against him by the appellee, Mrs. Lillie M. Hazlett, as damages in an action of deceit for false representation by Lundy that a certain tract of land contained three hundred sixty-six acres, which he sold to appellee for eighty dollars per acre, whereas the tract was about fifty acres short of the acreage represented by the seller, Lundy, to the purchaser, Mrs. Hazlett.

The suit is not one to recover upon the warranty deed, but is an action in tort for deceit of the seller in falsely representing to the purchaser that he was selling to her three hundred sixty-six acres of land, when, in fact, there were only three hundred sixteen acres in the tract, and that, consequently, the purchaser suffered the loss of fifty acres of land at eighty dollars an acre, and interest thereon from August, 1918, the date when the purchase money was paid. The suit was not filed until September, 1925, more than six years after the date of the alleged deceit.

The appellant presents several grounds for reversal, but we think none of them has sufficient merit to justify discussion, except the point that the cause of action was barred by the six-year statute of limitations, and, possibly, one other contention. The other questions raised by the appellant have been settled by this court in numerous cases. For instance, the contention is made that the action will not lie, and that parol testimony is inadmissible, because the rights of the purchaser must be

determined by the terms of the written deed alone, and that since the deed herein does not specify the number of acres sold, the purchaser is precluded from showing that a false representation as to the acreage was made by the seller. This view has been held to be unsound by this court. *Alexander* v. *Meek*, 132 Miss. 298, 96 So. 101; *Vincent* v. *Corbett*, 94 Miss. 46, 47 So. 641, 21 L. R. A. (N. S.) 85; *Hines* v. *Lockhart* (Miss.), 105 So. 449; *McNeer* v. *Norfleet*, 113 Miss. 611, 74 So. 577, Ann. Cas. 1918E, 436; and *Oldham* v. *Memphis Stone & Gravel Co.*, 111 So. 357. These cases clearly hold that damages may be recovered for deceit in cases like the one at bar. Therefore we shall omit further discussion of this question; nor do we think it will be of any benefit to notice the other points urged for reversal, except as to whether the action was barred by the six-year statute of limitations.

It is urged that the court erred in refusing an instruction that the representations by Lundy as to the amount of the acreage must have been false and fraudulent before appellee could recover. This view is not maintainable, because, if the representation was false, though honestly made, the damaged party can recover. *Oldham* v. *Memphis Stone & Gravel Co., supra; Alexander* v. *Meek, supra*, where false representations were made by one Garnett, a real estate agent, who was the agent of the vendor of the land, and the court held that the vendor was liable for the false representation made by his real estate agent, even though they were not fraudulently made, and said, "We do not think that Garnett was trying to practice a fraud upon the appellants, but he merely made representations as to a fact which were false and about which fact he had no knowledge;" and in *Vincent* v. *Corbett, supra*, where it was again held that, although the false representations were not fraudulently made, the vendor was liable if he assumed to make representations about a matter as to which he was supposed to have knowledge,

and should have had knowledge, when, as a matter of fact, he had no such knowledge.

The suit was not instituted until more than seven years after the cause of action accrued, but appellee answers this proposition by the contention that the cause of action was fraudulently concealed by the appellant, by reason of which the bringing of the suit was delayed for several years. The appellant replied to this contention of the appellee that the evidence in the case was insufficient to show that the appellant fraudulently concealed the cause of action.

We cannot see that it would serve any good purpose to set out the testimony in detail which tended to prove or disprove this issue of fact. The testimony on this question was in conflict, but the jury decided that the appellant, by his affirmative conduct, and declarations to the appellee, through her husband and agent, so deceived her that she was lulled into security, and consequently delayed in bringing the suit.

The verdict of the jury is well supported by testimony. The proof shows that Lundy knowingly represented, through his selling agents, that the land contained three hundred sixty-six acres, when he knew that it contained fifty acres less than that amount; that after the sale, he continued to falsely represent to the purchaser that the tract contained three hundred sixty-six acres of land, which he knew was untrue, and the purchaser, relying upon his statement did not take steps to find out the amount of land in the tract by having it surveyed or otherwise; that the husband of the purchaser, who lived in a northern state, while on a visit to the land, was told by Lundy that the section was a large section, meaning that it contained more than six hundred forty acres, and that the total amount of acreage in the tract sold was three hundred sixty-six acres, and that Lundy purported to point out to Mr. Hazlett the direction in the woods where the corners of the land were supposed to be located, but there was nothing definite in what he said whereby the

purchaser could know the acreage in this large tract of land.

The record contains ample testimony showing that Lundy affirmatively concealed from the purchaser the fact that the tract of land was fifty acres short. These representations by him not only lulled the purchaser into security, and prevented her from investigating as to the number of acres in the tract, but constituted an express, fraudulent representation, which was calculated to conceal, and did conceal, the true fact from the purchaser, and thus, under section 2473, Hemingway's Code, did "fraudulently conceal the cause of action from the knowledge of the person entitled thereto."

We think the verdict of the jury was supported by the evidence in deciding that the purchaser, Mrs. Hazlett, did not fail to use reasonable diligence in ascertaining or discovering the true acreage of the land she bought. *Buckner* v. *Calcote,* 28 Miss. 432; *State* v. *Furlong,* 60 Miss. 839; 17 R. C. L. p. 859; 37 C. J. 975-977, 978. The jury was also well warranted in finding against Lundy on the question of deceit as to the false representation of the number of acres contained in the tract of land sold by him to the appellee, Mrs. Hazlett.

The judgment of the lower court is affirmed.

*Affirmed.*