DUNN *v.* DENT *et al.*

(Division A. March 26, 1934. Suggestion of Error Overruled April 23, 1934.)

[153 So. 798. No. 31140.]

**J. F. Galloway** and **J. L. Taylor,** both of Gulfport, for appellant.

**Ford, White & Morse,** of Pascagoula, for appellees.

Argued orally by **J. L. Taylor**, for appellant.

Cook, J., delivered the opinion of the court.

This suit, which was originally filed in the circuit court of Harrison county, is an action of deceit for alleged false representations by the grantors in a warranty deed as to the amount of land conveyed. By an order of the circuit court the cause was transferred to the chancery court, and the pleadings were there reformed to conform to the practice of the chancery court. Upon the final hearing of the cause, a decree was entered dismissing the bill of complaint, and from this decree the complainant appeals.

The proof shows that on September 16, 1925, the appellees executed and delivered to the appellant a warranty deed purporting to convey to him a tract of land having a frontage of five hundred fifty feet on the Gulf of Mexico, at a basic price of one hundred fifty dollars per front foot. Afterwards, by separate suits filed by the appellant herein against the owners of adjoining property on the east and west respectively, the eastern and western boundary lines of the property purchased by appellant were finally and definitely established. Dunn v. Stratton, 160 Miss. 1, 133 So. 140; Dunn v. Moorman (Miss.), 142 So. 469.

By surveys of the property made in accordance with the lines established by these decisions, the fact was definitely established that when measured on a line east and west there was a shortage of about eighty-three feet in the beach frontage of the tract of land purchased by the appellant; hence this suit which was filed on December 6, 1932.

An action of deceit will lie for a false representation as to the acreage or the number of feet in a tract of land sold, although the representation was made in good faith, Lundy v. Hazlett, 147 Miss. 808, 112 So. 591; and the purchaser's right of action for such deceit accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud, and will be barred if suit therefor is not filed within six years thereafter, unless the grantor "fraudulently conceal the cause of action from the knowledge of the person entitled thereto." Section 2312, Code 1930; 37 C. J. 935. In the case of Lundy v. Hazlett, supra, it was held that by reason of continued false representations after the sale whereby the purchaser was lulled into security and deterred from investigating, the cause of action was fraudulently concealed, and consequently, since the suit was filed within six years after the discovery of the fraud, it was not barred by the statute of limitations.

In the case at bar, the record is barren of any such proof. It affirmatively shows that, after the delivery of the deed, the appellant had no communication with the appellees, and it fails to show that they did anything that could be construed as a concealment of the falsity of the representation as to the amount of land conveyed, or a concealment of the cause of action. This suit was not filed until more than seven years after the cause of action accrued to the appellant, and therefore it was barred. Section 2292, Code 1930.

Affirmed.