**Lillie Mae BOYD, et al.   Plaintiffs**

v.

**AMERICAN HERITAGE INSURANCE COMPANY, et al.   Defendants**

**No. CIV.A. 301CV890BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 19, 2003.

Henry Donald Brock, Jr., Whittington, Brock, Swayze and Dale, Greenwood, MS, Felix Lee Bowie, III, Thomas R. Frazer, II, Frazer & Davidson, P.A., Jackson, MS, for Lillie Mae Boyd, Leroy Donelson, plaintiffs.

William H. Leech, Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, Rik S. Tozzi, Starnes & Atchison, LLP, Birmingham, AL, for American Heritage Life Ins. Co., First Colonial Ins. Co., defendants.

Robert T. Gordon, Jr., Mitchell, McNutt & Sams, PA, Flowood, MS, James R. Chastain, Jr., Shannan Sweeney Rieger, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Fidelity National Corporation dba Republic Finance, defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Republic Finance, LLC, to Stay Ruling on the Motion to Reconsider. Having considered the Motion and Response, the Court finds that the Motion is well taken and should be granted.

On July 26, 2002 this Court denied the Motion of Plaintiffs to Remand. In the remand Order, the Court found that the non-diverse Defendants were fraudulently joined, which required their dismissal. The ground on which the non-diverse Defendants were dismissed also applied to dismissal of the diverse Defendants. On August 19, 2003, Plaintiffs filed a Motion to Reconsider the Court's denial of the Motion to Remand. Defendant Republic Finance, LLC then filed a Motion to Stay Ruling on the Motion to Reconsider. That Motion, which is the subject of this Opinion and Order, was filed on September 3, 2003.

In support of the Motion to Reconsider, Plaintiffs cite *Smallwood v. Illinois Cent. R.R. Co.*, 342 F.3d 400 (5th Cir.2003). If read expansively, *Smallwood* could be interpreted as adopting the "common defense" theory in a fraudulent joinder analysis. Under the "common defense" theory, *any* defense that is common to both the non-diverse defendants and the diverse defendants is considered a decision on the merits which must be decided

by the state court on remand. That is, if a "common defense" is the only ground asserted by the defendants for fraudulent joinder, then the case must be remanded to state court. However, *Smallwood* can also be interpreted as applying only to common *federal defenses* applicable in a fraudulent joinder analysis.[1]

A subsequent case decided by a different panel of the United States Court of Appeals for the Fifth Circuit further confused the scope and effect of *Smallwood*. On August 29, 2003, twenty-two days after the *Smallwood* decision was rendered, the Fifth Circuit decided *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir.2003). In *Ross*, this Court denied Plaintiffs' Motion to Remand, finding that the non-diverse defendants were fraudulently joined. The grounds on which the non-diverse defendants were dismissed fell under the purview of "common defenses;" i.e., the defenses were equally applicable to the non-diverse defendants and the diverse defendants.[2] Plaintiffs appealed the dismissal to the Fifth Circuit. Without addressing the "common defense" theory, the Fifth Circuit affirmed this Court's rulings in *Ross*. Based on the omission of any analysis regarding the "common defense" theory by the *Ross* court, a reasonable inference can be drawn that the holding in *Smallwood* is limited to *federal defenses* that are common to all defendants, and not to any other form of common defense.

The "common defense" issue was further clouded by the holdings in *Collins v. Am. Home Products Corp.*, 343 F.3d 765 (5th Cir.2003), which was decided by yet another panel of the Fifth Circuit after the *Smallwood* and *Ross* decisions were rendered. In *Collins*, the Fifth Circuit provided scant factual background or legal analysis to support its reversal of a district court's dismissal of non-diverse defendants on fraudulent joinder grounds. However, the court did cite with approval the "common defense" analysis presented in *Smallwood*.

The conflict in the *Smallwood* and *Collins* cases on the one hand, and the *Ross* case on the other hand, has left the "common defense" issue in this case, as well as a myriad of other cases in which "common defenses" are alleged, in a state of total confusion. Petitions for rehearing *en banc* have been filed in both *Smallwood* and *Ross*. If this Court follows the reasoning in *Smallwood* and *Collins*, the subject case must be remanded to state court. If *Smallwood* is later vacated on rehearing *en banc*, then the Defendants will have lost their right to litigate the case in federal court. If this Court follows the reasoning in *Ross* and that case is later vacated on rehearing *en banc*, then both this Court and the parties will have wasted valuable time and resources litigating a case that will ultimately require remand to state court.

Based on this quandary, the Court finds that this case should be stayed, with the exception of the discovery process, pending decisions regarding the petitions for rehearing *en banc* by the Fifth Circuit on either *Smallwood* or *Ross*. The Court notes that any discovery conducted in this Court can carry over to state court if necessary. The parties therefore will be closer to trial under any scenario if discovery proceeds.

IT IS THEREFORE ORDERED that the Motion to Stay Ruling on the Motion to Reconsider [44–1] is hereby granted.

---

1. Defendants' fraudulent joinder arguments in *Smallwood* focused exclusively on federal preemption of state law claims, which is a federal defense.

2. The "common defenses" in *Ross* were not federal defenses.

IT IS FURTHER ORDERED that all proceedings in this case are stayed, with the exception of the discovery process. The parties are ordered to contact Magistrate Judge Alfred G. Nicols by Friday, September 26, 2003, to establish the parameters of discovery.

IT IS FURTHER ORDERED that the stay of this case will be effective until the Fifth Circuit provides a rulings on the Petitions for Rehearing *en banc* on either *Smallwood* or *Ross.* The parties are ordered to monitor the progress of *Smallwood* and *Ross* and inform the undersigned within seven days after a decision is rendered on either of the cases, at which time the Court will establish a briefing schedule for the pending Motion for Reconsideration.