949 So.2d 57 (2006)
Thomas Lee PARKER and Rubye C. Parker, Appellants
v.
HORACE MANN LIFE INSURANCE COMPANY and Leo Hawkins, Jr., Appellees.
No. 2004-CA-02292-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied November 14, 2006.
*58 Precious Tyrone Martin, Dawn Laverne Stough, attorneys for appellants.
Arthur F. Jernigan, Samuel Ernest Linton Anderson, Staci Bozant O'Neal, Jackson, attorneys for appellees.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. On December 22, 2003, Thomas Lee Parker and Rubye C. Parker filed suit in Sharkey County Circuit Court against Horace Mann Life Insurance Company, Leo Hawkins, Jr., and John Does 1-5. The circuit court granted Horace Mann summary judgment on October 15, 2004. Parker appeals the circuit court's ruling.

FACTS
¶ 2. Thomas Lee Parker and Rubye C. Parker (the Parkers) purchased a $100,000 ten-year term life insurance policy from Horace Mann Life Insurance Company (Horace Mann) through its agent Leo Hawkins on May 11, 1989. On January 25, 1997, the Parkers converted their 1989 policy to a whole life insurance policy that accrued cash value with benefit amounts of $83,723. On June 26, 2002, the Parkers took out a loan on this policy in the amount of $4,603. The Parkers requested the surrender of the 1997 policy on September 25, 2002, and they received the cash value in the amount of $956.98 along with the satisfaction of the loan. The Parkers surrendered this policy because they obtained another policy with a different company with a lower premium. This surrender had nothing to do with this cause of action.
¶ 3. Both the 1989 and the 1997 insurance policies were delivered to the Parkers containing a fifteen day right to rescind and refund if they were not satisfied with the policies. Both Thomas Lee Parker and Rubye C. Parker were college graduates.
¶ 4. On December 22, 2003, the Parkers filed suit in Sharkey County Circuit Court asserting fraud and misrepresentation. The Parkers thought they were receiving two separate life insurance policies; however, both the 1989 and 1997 policy provided for payment of a similar death benefit upon the death of either insured. This left the surviving insured with the option to continue coverage under a new policy with Horace Mann within thirty-one days regardless of insurability. The policies also provided for a simultaneous death benefit for both if the insureds died within thirty-one days of each other. No insured died *59 during the terms of these policies; therefore, no claims were made by the Parkers for Horace Mann to deny. Horace Mann was granted summary judgment on October 15, 2004. Aggrieved by the trial court's ruling, the Parkers appeal raising the following issue:
WHETHER OR NOT THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF HORACE MANN LIFE INSURANCE COMPANY AND LEO HAWKINS JR.
¶ 5. The Parkers assert that the trial court erred in holding that their claims were time-barred and moot. The Parkers claim that they presented evidence that the policies at issue are ambiguous, and that Horace Mann and Hawkins repeatedly misrepresented these policies. Horace Mann argues that no real controversy arose regarding this policy, because neither insured died during the terms of either the 1989 or the 1997 policy.
¶ 6. This Court follows a de novo standard of review of a trial court granting summary judgment. Mozingo v. Scharf, 828 So.2d 1246, 1249 (¶ 5) (Miss.2002); Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.
¶ 7. The Mississippi Code Annotated § 15-1-49 (Rev.2003) imposes a three year statute of limitations on claims for fraud. "A fraud claim accrues upon the completion of the sale induced by false representation or upon the consummation of the fraud." Dunn v. Dent, 169 Miss. 574, 153 So. 798 (Miss.1934). Therefore, the statute of limitations begins to run when a person, with reasonable diligence, first knew or should have known of the fraud. Miss.Code Ann. § 15-1-67 (Rev. 2003). The Parkers entered into the contract with Horace Mann on January 25, 1997. They had three years from that date to file suit; therefore, this claim should have been filed prior to January 25, 2000.
¶ 8. However, fraudulent concealment tolls the statute of limitations for a cause of action. Robinson v. Cobb, 763 So.2d 883, 887 (¶ 18) (Miss.2000). For the Parkers to establish fraudulent concealment they must show an act or some type of conduct designed to prevent the discovery of this claim. Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988). The Parkers must prove that Horace Mann and Hawkins engaged in affirmative acts of concealment, and that even though the Parkers acted with due diligence they were unable to discover it prior to the running of the statute of limitations. Id. The terms were written into the policy so there was no affirmative act to prevent this discovery. Stephens v. Equitable Life Assur. Society of U.S., 850 So.2d 78, 84 (¶ 20) (Miss.2003).
¶ 9. The Mississippi Supreme Court has stated that a person is under an obligation to read a contract prior to signing it, and will not be heard to complain of an oral misrepresentation which would have been corrected by reading the contract. Godfrey, Bassett and Kuykendall Architects, Ltd. v. Huntington Lumber and Supply Co. Inc., 584 So.2d 1254, 1257 (Miss.1991). Both the "term life" insurance policy from 1989 and the "flexible premium-adjustable life insurance on two insureds" policy from 1997, explain the coverage. This explanation includes the option to change to a single life policy, that the insured is able to withdraw from the policy account, that the policy may accrue a cash value, and that if both insureds die within thirty-one days of one another they have simultaneous death coverage. Even if Hawkins had mislead the Parkers, everything was set forth in *60 the policy, and it was easy to understand. Both Mr. Parker and Mrs. Parker admitted during their deposition that neither read the policy, because had they read this policy, the benefits of the policy would have been understood. Mississippi Case law provides that insureds are bound by the contents of a contract that they enter into as a matter of law even if they have not actually read it. Cherry v. Anthony, Gibbs, Sage, 501 So.2d 416, 419 (Miss. 1987).
¶ 10. Since this Court finds that the Parkers' claims are barred by the statute of limitations, we find no need to address the mootness issue.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SHARKEY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.