Clarence REED; and Lorine Buxton Plaintiffs

v.

AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY; Richard W. Hill; Clyde Nix; John Oden; and Jerry Satcher; et al. Defendants

No. 4:01CV314–D–B.

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 25, 2002.

Precious Tyrone Martin, Byrd & Associates, Jackson, MS, for Clarence, Reed, Lorine Buxton, Frank Blunton, plaintiffs.

Robert M. Frey, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for American General Life and Accident Insurance Company, Inc., defendant.

### OPINION GRANTING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Humphreys County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

#### A.  Factual Background

The Plaintiffs in this action are individuals who purchased various types of life and hospitalization insurance policies from the Defendant American General Life & Accident Insurance Company (American General) between 1969 and 1986.

The Plaintiffs filed suit in the Circuit Court of Humphreys County, Mississippi, on February 1, 2001, alleging that American General, as well as the four individual Defendant agents—Richard W. Hill, Clyde

Nix, John Oden and Jerry Satcher—engaged in conduct that renders them liable under various Mississippi state law causes of action, including fraudulent misrepresentation and fraudulent concealment. The Defendants removed the action to this court on April 12, 2001, pursuant to 28 U.S.C. §§ 1332 and 1441, on the basis of diversity jurisdiction. Thereafter, on May 8, 2001, the Plaintiffs motioned the court to remand this matter to state court.

The court granted the Plaintiffs' motion on August 15, 2001, and this case was remanded. On December 20, 2001, the Defendants once again removed the case to this court, again asserting diversity of citizenship as the jurisdictional basis for removal. On January 11, 2002, the Plaintiffs motioned the court to remand this matter to the Circuit Court of Humphreys County.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal of the case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). In this case, there is no dispute that the amount in controversy exceeds $75,000.00. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

■ The Plaintiffs and the four individual Defendants are resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined all of the individual Defendants in order to defeat diversity. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997). But, if the court finds that any one of the in-state individual Defendants has not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); *Wright v. Combined Ins. Co. of America*, 959 F.Supp. 356, 361 (N.D.Miss.1997).

■ The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts," or that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant[s] in state court." *Hart*, 199 F.3d at 246.

■ The Defendants here do not allege outright fraud, so the court must determine whether there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against any of

the individual Defendants in state court. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' state court pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. *Hart,* 199 F.3d at 246.

Further, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court determines whether there is a possibility that the Plaintiffs will be able to state a claim against any of the allegedly fraudulently joined individual Defendants. *Rodriguez,* 120 F.3d at 591; *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 550 (5th Cir.1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded).

As set forth below, the court finds that the Defendants have not established that there is no possibility that the Plaintiffs will be able to state a claim against the individual Defendant Richard W. Hill. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. Discussion

Whether a case states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings, although the court may "pierce" those pleadings in making its determination. *B, Inc.,* 663 F.2d at 549; *Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483, 485 (S.D.Miss.1990). In the case at bar, the Plaintiffs allege, *inter alia,* that the individual Defendants committed fraud in connection with their handling of the Plaintiffs' insurance policies.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. *Hart,* 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." *Hart,* 199 F.3d at 247 (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.,* 492 So.2d 977, 978 (Miss.1986)).

As has been previously stated, the Plaintiffs have alleged that the Defendant Richard W. Hill, as an agent of American General, directly participated in the commission of at least one tort, fraud, while within the scope of his employment. *See* Complaint pp. 5, para. 22–24.

The Defendants assert, however, that the Plaintiffs' claims against Hill are barred by: (i) the applicable statute of limitations, found at Section 15–1–49 of the Mississippi Code, which requires actions such as this to be commenced within three years after the causes of action accrue; (ii) the doctrine of accord and satisfaction; and (iii) the fact that Hill has not yet been served with service of process.

#### 1. Statute of Limitations

In support of their argument regarding the statute of limitations, the Defendants point out that the policy sold by Hill was purchased more than three years prior to the filing of this suit, and that under Mississippi law, a cause of action for fraud or misrepresentation accrues upon completion of the sale induced by the false representations or upon consummation of the fraud or misrepresentation. *Dunn v. Dent,* 169 Miss. 574, 153 So. 798, 798–99 (1934).

In response, the Plaintiffs cite Section 15–1–67 of the Mississippi Code, which

tolls the statute of limitations in cases of fraudulent concealment. Specifically, it provides that

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Miss.Code Ann. § 15–1–67 (1972).

In order to invoke Section 15–1–67, the Plaintiffs must allege that Hill engaged in an affirmative act of concealment, so as to prevent the Plaintiffs from discovering their claims against him. *Reich v. Jesco, Inc.,* 526 So.2d 550, 552 (Miss.1988). The Defendants assert that the Plaintiffs have not adequately alleged that Hill took affirmative acts of concealment, subsequent to the sale of the Plaintiffs' insurance policies, that prevented the Plaintiffs from discovering their claims against him.

The court finds, however, that the Plaintiffs have sufficiently alleged, in paragraphs 57 and 58 of their Complaint, that Hill engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering this cause of action until such time as to render the filing of this suit untimely. *See, e.g., Phillips v. New England Mut. Life Ins. Co.,* 36 F.Supp.2d 345, 349–350 (S.D.Miss.1998) (similar allegations of fraudulent concealment by individual agent deemed sufficient to potentially toll statute of limitations). In other words, the court finds that the Plaintiffs have alleged specific facts that, if proven, make it reasonably possible for the state court to toll the statute of limitations pursuant to Section 15–1–67.

But the Defendants, in seeking to remove this case, cite deposition testimony by the Plaintiff Clarence Reed that purportedly establishes that Reed has abandoned his allegations that the Defendant Hill engaged in affirmative acts of fraudulent concealment. Thus, argues the Defendants, the Plaintiffs have fraudulently joined Hill as a defendant in this cause.

The court finds that the deposition testimony at issue, cited below, in no way indicates that the Plaintiffs have abandoned their allegations, contained in paragraphs 57 and 58 of the Complaint, that the Defendants engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering this cause of action until such time as to render the filing of this suit untimely. In the deposition testimony at issue, the parties state:

Q. Tell me, sir, in your own words, who you are suing and why you are suing them?

A. Alright. I am suing American General Insurance; and the reason that I am suing them is because I was told that after 20 years my policy would be paid up, and it is not paid up. I found out later that it wasn't paid up. And I didn't know that the agent would lie to me like that, telling me one thing and it's going to be another.

Q. Alright, you have got some sort of insurance policy from American General, right?

A. Right.

Q. Is that a life policy?

A. Life policy.

Q. And it was your understanding, based on what the agent told you back when he sold it, that after 20 years it would be paid off?

A. Right.

Q. In other words, you wouldn't have to pay any more premiums.

A. Right.

Q. And it would continue in force even though you weren't paying more premiums.

A. Right.

Q. Okay. And at some point you found out that it's not paid up; is that right?

A. That's right.

Q. And your lawsuit is the company ought to do what the agent said.

A. Yes.

Q. Okay. Have I got that straight?

A. Yeah, that's right.

Q. Okay. Anything else to add to that?

A. No.

Q. Okay. Let's go over the details of that. First of all, who is the agent?

A. The agent was Richard Hill at that time.

*See* Reed Deposition at 12–13.

Despite the Defendants' assertions to the contrary, the court finds that the Plaintiff Reed's statements in the above colloquy in no way indicate his intention to abandon his allegations of fraudulent concealment, which are specifically set forth in paragraphs 57 and 58 of the Plaintiffs' Complaint. Accordingly, the court finds that the Defendants' assertion of the statute of limitations as a ground for fraudulent joinder is without merit.

### 2. Accord and Satisfaction

■ The Defendants next assert that any claims the Plaintiff Reed may have against Hill are barred by the doctrine of accord and satisfaction. For the following reasons, the court disagrees.

■ An accord and satisfaction is "[a] method of discharging a claim whereby the parties agree to give and accept something in settlement of the claim and perform the agreement, the 'accord' being the agreement and the 'satisfaction' its execution or performance, and it is a new contract substituted for an old contract which is thereby discharged, or for an obligation or cause of action which is settled, and must have all of the elements of a valid contract." *See* Black's Law Dictionary 17 (6th ed.1990). In Mississippi, the elements of a valid accord and satisfaction are:

(1) Something of value offered in full satisfaction of demand;

(2) Accompanied by acts and declaration as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction;

(3) The party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and

(4) The party actually does accept the item.

*Austin v. Padgett,* 678 So.2d 1002, 1003 (Miss.1996); *Cooper & Rock v. Yazoo & Mississippi Valley R.R. Co.,* 82 Miss. 634, 35 So. 162, 163 (1903).

Here, the Defendants have failed to establish that a valid accord and satisfaction took place between the Defendants and the Plaintiff Reed. The Defendants allege that Reed and an American General agent met in 1999, prior to the filing of this lawsuit, and discussed some of Reed's concerns. The Defendants do not even allege, however, that Reed understood that anything of value he accepted during the 1999 meetings would be accepted in satisfaction of any subsequent claim he might pursue against the Defendants. This is one of the elements of a valid accord and satisfaction, and has indisputably not been satisfied. Accordingly, the Defendants' assertion that the doctrine of accord and satisfaction bars the Plaintiffs' claims against Hill is without merit.

### 3. Service of Process

Finally, the Defendants assert that because Hill has not yet been served with process, he has been fraudulently joined. Both the Federal and the Mississippi Rules of Civil Procedure impose a 120 day deadline for the service of process on each defendant. *See* Fed.R.Civ.P. 4(m); Miss.

R. Civ. P. 4(h). Failure to do so, unless good cause can be shown, can result in a plaintiff's claims against the non-served defendants being dismissed without prejudice. *Id.*

Here, the Plaintiffs assert that good cause can be shown for their failure to serve Hill, and they have set forth the specific circumstances that they claim constitutes good cause. Accordingly, the court finds that, upon remand, the state court should determine whether the Plaintiffs' assertions of good cause are sufficient to warrant an extension of time in order to properly serve Hill with process. This asserted ground for fraudulent joinder, therefore, is without merit.

### D. Conclusion

Accordingly, the court finds that the scenario set forth in the Plaintiffs' pleadings, if true, could possibly result in liability being imposed on Hill for his alleged tortious acts. *See, e.g., Bank of Shaw v. Posey,* 573 So.2d 1355, 1361–62 (Miss.1990) (setting forth elements of fraud under Mississippi law). The Plaintiff has sufficiently set forth allegations, in paragraphs 22 through 24 of the Complaint, demonstrating that Hill may have participated in the commission of at least one tort, fraud. As such, Hill faces potential liability for his actions, and the court finds that the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against Hill in state court.

Accordingly, Hill's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Humphreys County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

*ORDER GRANTING MOTION TO REMAND*

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion to remand (docket entry 4) is GRANTED;

(2) the Plaintiffs' motion to expedite (docket entry 5) is DENIED AS MOOT; and

(3) this cause is hereby REMANDED to the Circuit Court of Humphreys County, Mississippi.