# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00849-SCT

*TERRY L. BULLARD*

*v.*

*THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA*


| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/2005 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RACHEL MARIE PIERCE |
| | WILLIAM M. BEASLEY |
| ATTORNEYS FOR APPELLEE: | STEVEN H. BEGLEY |
| | JAMES R. CARROLL |
| | DAVID S. CLANCY |
| | KARA E. FAY |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 11/02/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


EN BANC.

RANDOLPH, JUSTICE, FOR THE COURT:

¶1.     John W. Prather, M.D., and his wife Barbara Prather, (collectively "the Prathers"), filed suit against Terry L. Bullard ("Bullard") and The Guardian Life Insurance Company of America ("Guardian") on December 15, 2000, about their 1990 purchase of a Guardian life insurance policy. Bullard filed a cross-claim against Guardian, alleging Guardian induced him to sell the Prathers a life insurance policy based upon false and misleading sales presentations, policy illustrations, and other marketing and sales material.

¶2.    Less than a year after filing suit, the Prathers settled the lawsuit with Bullard and Guardian, and a judgment of dismissal with prejudice was entered on December 18, 2002. Subsequently, Guardian moved for summary judgment on Bullard's cross-claim, which the trial court granted on the basis that Bullard's claims were barred by the statute of limitations.

## FACTS AND PROCEDURAL HISTORY

¶3.    On December 15, 2000, the Prathers, sued Bullard and Guardian regarding their 1990 purchase of a Guardian life insurance policy.  The Prathers alleged that Bullard represented to them that the "policy would require a 'single premium' payment of $96,132 which would carry the policy for their lives."   The Prathers further alleged that, at the time of the sale, Bullard and Guardian concealed information and misrepresented the terms of the policy, including the interest sensitive nature of the payment plan and the fact that the premiums required for the policy could change, depending on the dividend scale of Guardian.

¶4.    After the Prathers were notified that additional premiums would be due on this policy, the Prathers filed suit. The Prathers asserted claims of fraud, fraudulent concealment, misrepresentation, negligence, conspiracy, breach of fiduciary duty, and breach of duty of good faith and fair dealing.  Bullard filed a responsive pleading, specifically denying all charges of fraud, misrepresentation, fraudulent concealment, and fraudulent inducement. Bullard moved for and was granted leave to file a cross-claim against Guardian.  Bullard filed his cross-claim on February 5, 2002, alleging that Guardian induced him to sell the Prathers a life insurance policy based upon false and misleading sales presentations, policy illustrations, and other marketing and sales material.  Bullard alleged that he was damaged as the result of the lawsuit and the allegations made against him.

2

¶5. Guardian then moved for summary judgment on Bullard's cross-claim. The trial court granted Guardian's motion for summary judgment, stating Bullard's claims were barred by the three-year statute of limitations. Bullard now appeals to this Court raising two issues for this Court to consider:

> **I. Whether the trial court erred in holding that the statute of limitations barred Bullard's claims.**
>
> **II. Whether the statute of limitations was tolled by fraudulent concealment.**

## ANALYSIS

¶6. This Court reviews grants of summary judgment under the de novo standard. ***Stephens v. Equitable Life Assurance Co.,*** 850 So. 2d 78, 81 (Miss. 2003); ***Cossit v. Alfa Ins. Corp.,*** 726 So. 2d 132, 136 (Miss. 1998). Pursuant to Mississippi Rule of Civil Procedure 56, summary judgment is appropriate when the non-moving party has failed "to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." ***Wilbourn v. Stennett, Wilkinson & Ward,*** 687 So. 2d 1205, 1214 (Miss. 1996).

> **I. Whether the trial court erred in holding that the statute of limitations barred Bullard's claims.**

¶7. Bullard argues the trial court erred in holding that the statute of limitations began to run at the time Bullard sold the insurance policy to the Prathers. Miss. Code Ann. Section 15-1-49 states, in part: "(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

¶8. Bullard contends that his cause of action did not accrue until 2000 when he first learned of Guardian's alleged fraud and dishonesty. In his amended cross-claim against Guardian, Bullard averred damage to his reputation after the Prathers filed suit and that it "appeared to the community that Guardian's 'vanishing premium' concept caused him to betray his policyholders." Guardian argues that Bullard's claims based on Guardian's alleged fraud began to run in 1990 upon completion of the sale of insurance to the Prathers that was purportedly induced by the alleged false representations.

¶9. This Court finds that in 1990 Bullard was without a cause of action, if as he claims he had no knowledge of being involved in an alleged fraudulent scheme, but more importantly, because he had suffered no damage. In the absence of damage, no litigable event arose. Bullard's cause of action against Guardian did not accrue or occur pursuant to Miss. Code Ann. Section 15-1-49(1) until the Prathers filed suit against him in 2000. As Bullard's claim against Guardian did not accrue until 2000, Bullard timely filed a cross-claim in 2002, within the applicable statute of limitations.

¶10. Bullard's cross-claim reads, "[t]he acts of the plaintiffs in bringing this lawsuit against him have injured him and damaged his professional standing, reputation, character, and earning capacity, and he has suffered anxiety, embarrassment, worry, mental and emotional distress and he is entitled to actual damages in an amount to be determined by a jury." Bullard also seeks damages for the attorney's fees, which he would not have incurred, but for the suit filed by the Prathers. Bullard claims to have had no knowledge of the alleged fraudulent concept of Guardian preceding the filing of the lawsuit against him.

4

¶11.    The basic elements necessary to state any tort claim are duty, breach of duty, causation between the breach of the duty and the injury, and actual damage. *See City of Greenville v. Jones,* 925 So.2d 106, 109 (Miss. 2006); *Montgomery v. Woolbright,* 904 So.2d 1027, 1029 (Miss. 2004). This Court has held that, "a cause of action 'accrues' when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." *Forman v. Miss. Publisher's Corp.,* 195 Miss. 90, 14 So.2d 344, 346 (1943). Bullard's claim did not accrue until 2000, when knowledge of breach and actual damage occurred, after the Prathers made allegations against him. Even if Bullard had knowledge in 1990, which he denies, the outcome would be no different, for without injury, no action lies.

¶12.    The circuit court erred in granting Guardian's motion for summary judgment, as Bullard's cause of action did not arise when the policy was sold. Based on the record, we cannot say Bullard had a cause of action when the policy was sold, nor can we say he was or should have been aware of the fraud allegedly committed by Guardian upon him and the Prathers. This is analogous to our holding in *PPG Architectural Finishes, Inc. v. Lowery,* a personal injury case in which we held, "it is well-established that prescription does not run against one who has neither actual or constructive notice of the facts that would entitle him to bring an action." *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005) (quoting *Sweeney v. Preston,* 642 So.2d 332, 334 (Miss. 1994)).

¶13.    Bullard claims to have learned of Guardian's fraud and suffered damage to his reputation in 2000. The dissent contends that Bullard should have brought suit within three years of 1990. This contention would require Bullard to presage that the Prathers would file suit against him and cause him damage. Such a claim for prospective or possible damages is not recognized by

5

this state. *See PPG Architectural Finishes v. Lowery,* 909 So.2d 47; *Prescott v. Leaf River Forest Prods., Inc,* 740 So.2d 301 (Miss. 1999); *Staheli v. Smith,* 548 So.2d 1299 (Miss. 1989). We only have to ask ourselves if Bullard had brought suit in 1993, and no damage had yet occurred or accrued, could Bullard have successfully survived a Rule 12(b)(6) motion? *See* M.R.C.P. 12(b)(6). A reasoned analysis can result in only one conclusion: such a claim then could not survive.

¶14.    As Issue I is dispositive, the Court finds Issue II to be moot.

## CONCLUSION

¶15.    Bullard did not have a cause of action against Guardian until 2000. Therefore, Bullard filed his claim within the statute of limitations. Accordingly, we reverse the circuit court's judgment and remand this case to that court for further proceedings consistent with this opinion.

¶16.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**EASLEY, JUSTICE, DISSENTING**:

¶17.    Today, the majority effectively overrules a long line of this Court's cases and extends the time the statute of limitations begins to run in cases that allege fraud and deceit. Here, the majority extends the statute of limitations to allow a suit against Guardian to proceed more than ten years after the insurance policy was sold, despite the fact that the alleged fraud by Guardian occurred in 1990. Instead of holding that the statute of limitations began to run from

the completion of the sale of the insurance in 1990 that was allegedly based on false representations, the majority adopts the position that the statute of limitations did not begin to run until Bullard was allegedly "damaged" by the alleged fraud in 2000 when his reputation was allegedly tainted by the Prathers in 2000. The argument advanced by Bullard, and adopted by the majority, is more appropriate for a claim of alleged defamation rather than a claim of alleged fraudulent inducement against Guardian.

¶18. The majority's holding contradicts this Court's holdings in *Sanderson Farms, Inc. v. Ballard*, 917 So. 2d 783, 789 (Miss. 2005); *Andrus v. Ellis*, 887 So. 2d 175, 180-81 (Miss. 2004); *Stephens v. Equitable Life Assurance Co*., 850 So. 2d 78, 81-82 (Miss. 2004); *Dunn v. Dent*, 169 Miss. 574, 153 So. 798, 798 (1934), which established that the three-year statute of limitations for alleged claims of fraud and fraudulent inducement begins to run after the completion of the sale of the insurance policy, or the contract was signed, unless tolled by the defendant's acts of fraudulent concealment. Based on our decision today, in all pending cases involving the question of alleged fraud, including claims of fraudulent inducement to enter into insurance policies with alleged vanishing premiums or dividend stabilization reserve (DSR), the three-year period of statute of limitations will not begin to run from when the policy was sold, as previously held by this Court. Instead, based on the majority's logic, the statute of limitations will now begin to run when the plaintiff was allegedly "damaged."

¶19. Given this Court's precedents and the facts in this appeal, the only logical conclusion that can be reached is that the trial court correctly determined that Bullard's claims were barred by the three-year statute of limitations which began to run when the policy was sold in 1990. The Prathers did not file suit against Bullard and Guardian until ten years later in 2000;

7

Bullard cross-claimed against Guardian claiming that Guardian induced him to sell the Prathers a life insurance policy based upon false and misleading sales presentations, policy illustrations, and other marketing and sales material.

¶20. I must respectfully dissent from the majority's reasoning that Bullard is not barred by statute of limitations from maintaining his action against Guardian. Therefore, I would affirm the trial court's grant of summary judgment in favor of Guardian as the three-year statute of limitations had long expired since the insurance policy was sold in 1990. As such, I am compelled to write separately to address the issues of statute of limitations and fraudulent concealment raised by the parties on appeal applying this Court's precedent previously mentioned above.

## I. Statute of Limitations

¶21. Bullard argues that the trial court erred in holding that the statute of limitations began to run, under Miss. Code Ann. § 15-1-49, at the time Bullard sold the insurance policy to the Prathers. Specifically, Miss. Code Ann. § 15-1-49 states:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered the injury.

¶22. Bullard contends that his cause of action did not accrue until 2000 when he learned of Guardian's alleged fraud and dishonesty. Guardian argues that Bullard's claims based on

Guardian's alleged fraud began to run in 1990 upon completion of the sale of insurance to the Prathers that was purportedly induced by the alleged false representations.

¶23. This Court has held that there is a three-year statute of limitations for claims of breach of a fiduciary duty, misrepresentation, and conspiracy. *See **Am. Bankers Ins. Co. v. Wells***, 819 So. 2d 1196, 1200 (Miss. 2001). This Court has also applied a three-year statute of limitations for fraudulent concealment, negligent hiring, and concealment. ***Stephens***, 850 So. 2d at 82; *see also* Miss. Code Ann. § 15-1-49. Under Mississippi law, the "right of action for such deceit accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud . . . unless the grantor 'fraudulently conceal[s] the cause of action from the knowledge of the person entitled thereto.'" ***Dunn,*** 153 So. at 798. More recently, in ***Sanderson Farms,*** 917 So. 2d at 789, this Court held that fraudulent inducement and fraudulent concealment claims have a three-year statute of limitations and fraud claims accrue at the time of the completion of a sale induced by false representations or consummation of the alleged fraud. *See also **Stephens,*** 850 So. 2d at 81.

¶24. Within his amended cross-claim, Bullard states that Guardian induced him to sell to the Prathers "a life insurance policy based on the false and misleading sales presentations, policy illustrations and other marketing and sales material, all unknown to Bullard, and Bullard was injured and damaged by being caused to mislead the Prathers about their premiums, dividends, policies, and/or other aspects of the insurance, the costs and benefits of said policies, which were known to Guardian, but unknown to Bullard." Thus, applying current Mississippi law to Bullard's claims of fraud and misrepresentation, his cause of action accrued upon completion of the sale of the policy to the Prathers. Mississippi law concerning an action for fraud or

9

misrepresentation does not allow for accrual of a claim based upon discovery of damages, but only when the sale induced by the fraud is complete.

¶25. In this case, Bullard sold the policy to the Prathers in 1990 and any claim he had concerning fraud or misrepresentation accrued at that time and not in 2000 when he discovered his alleged damages. Therefore, using 1990 as the year Bullard's cause of action accrued, under Miss. Code Ann. § 15-1-49(1), he had three years from 1990 to file a claim against Guardian for fraud and/or misrepresentation. Furthermore, Bullard's claim did not involve a latent injury or disease under Miss. Code Ann. § 15-1-49(2); and therefore, the discovery element of Miss. Code Ann. § 15-1-49(2) does not apply. Based on this analysis of Bullard's claims, the trial court did not err in holding that the statute of limitations barred Bullard's cause of action.

## II. Fraudulent Concealment

¶26. Bullard contends that even if the Court holds that his cause of action did accrue when he sold the policy to the Prathers, his claims are nevertheless timely because the running of the statute of limitations was tolled by the Guardian's fraudulent concealment.

¶27. The Mississippi Legislature codified the circumstances under which the statute of limitations may be tolled when a claim of fraudulent concealment is made. Specifically, Miss. Code Ann. § 15-1-67 provides that "if a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." This Court has been called upon on numerous occasions to interpret the statute as drafted by the

10

Legislature. In order to decipher whether or not Bullard is entitled to relief on this claim, our prior decisions must be reviewed and analyzed.

¶28. In *Stephens*, this Court applied a two-prong test for fraudulent concealment claims. Miss. Code Ann. § 15-1-67 (Rev. 2003) states:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

¶29. In *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss. 2000), this Court held that "[f]raudulent concealment of a cause of action tolls its statute of limitations." This Court in *Stephens* held "the plaintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." *Stephens*, 850 So. 2d at 84; *see also Andrus*, 887 So. 2d at 181.

¶30. In *Sanderson Farms*, this Court held, in regard to fraudulent concealment claims, that "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Sanderson Farms*, 917 So. 2d at 790 (citing *Reich v. Jesco, Inc.*, 526 So. 2d 550, 552 (Miss. 1988)); *see also Andrus*, 887 So. 2d at 181; *Stephens*, 850 So. 2d at 83-84.

¶31. "Merely alleging that the other side has complete control of [information] simply will not suffice." *Sanderson Farms*, 917 So. 2d at 790. This Court has specifically stated that it requires "there must be some subsequent affirmative act by the defendant which was designed

11

to prevent and which did prevent discovery of the claim" to toll the running of the statute of limitations under the doctrine of fraudulent concealment. *Andrus*, 887 So. 2d at 181 (citing *Stephens*, 850 So. 2d at 83-84).[1]

¶32. Accordingly, Bullard must first show a subsequent affirmative act by Guardian, "which was designed to prevent and which did prevent discovery of the claims." Second, Bullard must prove that he acted with due diligence in attempting to discover the factual basis for his claims and was unable to do so. *Andrus,* 887 So. 2d at 181; *see also* **Sanderson Farms,** 917 So. 2d at 790. Bullard asserts that "as a part of his cross-claims, he has alleged and can prove, that Guardian established a dividend stabilization reserve."

¶33. He further states that "the effect of that reserve was to cause the dividends of the company to be higher in 1988 and 1989 than they otherwise would have been. The illustration provided to him and to the Prathers was based on the company's dividends, which were artificially inflated by this 'dividend stabilization reserve'(DSR)."

---

[1] While not binding as authority, the United States Court of Appeals for the Fifth Circuit has addressed what is required to toll the statute of limitations under the doctrine of fraudulent concealment: "[I]n **Ross v. CitiFinancial, Inc**., 344 F. 3d 458, 464 (5th Cir. 2003), we held that Mississippi law is in fact well settled with respect to this issue, stating that 'Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations.'" **Liddell v. First Family Fin. Servs**., 146 Fed. Appx. 748, 751 (5th Cir. 2005).

Further, in **Jones v. Life of South Ins. Corp.,** 2006 U.S. Dist. LEXIS 1414 (S.D. Miss. Jan. 4, 2006), the United States District Court for the Southern District of Mississippi recently addressed the issue of fraudulent concealment and applied the Fifth Circuit's holding in **Liddell**, stating "under Mississippi law, the fraudulent concealment statute requires that the plaintiff show affirmative acts of concealment *after* the time of the alleged fraud."

¶34. Bullard's fraudulent concealment argument is problematic. Bullard has not offered or proven any subsequent affirmative act of fraudulent concealment to toll the statute of limitations. Bullard has not asserted that Guardian committed an affirmative act of concealment. Thus, Bullard has failed to satisfy the first prong to sustain a fraudulent concealment claim.

¶35. The next question that must be addressed is whether Bullard satisfied the second prong of the requirements necessary to prove a fraudulent concealment claim-due diligence. Bullard must present evidence to this Court that he exercised due diligence to discover the factual basis of his claims. This also poses a problem for Bullard as he cites to no evidence that he acted with due diligence to discover the factual basis for his claims.

¶36. Bullard failed to present evidence that he took any action to obtain the allegedly concealed information concerning the DSR and the sustainability of dividends. Ironically, Bullard also conceded that he was a "passive" participant during the sales process. He also admitted that he read about the DSR in a *Forbes* article which he sent to the Prathers before they purchased the policy. However, Bullard admitted that he did not ask Mark Pace, a Guardian agent with whom he worked, or anyone else at Guardian, for more information about the DSR.

¶37. Finally, Bullard testified that by April 1998, he knew that the Prathers' policy was not performing in accordance with the original illustrations and that additional premiums would be required. However, Bullard did not seek to investigate this matter. Under the current set of facts, Bullard has not established that he exercised due diligence to discover his claims. *See*

13

*Andrus*, 887 So. 2d at 181; *Stephens*, 850 So. 2d at 84. Therefore, the three-year statute of limitations is not tolled pursuant to Miss. Code Ann. § 15-1-67.

¶38. For the foregoing reasons, the three-year statute of limitations bars Bullard's action. The trial court got it exactly right in granting Guardian's motion for summary judgment. Accordingly, I would affirm the judgment of the trial court granting summary judgment in favor of The Guardian Life Insurance Company of America.