United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-61076
Summary Calendar
_____

TEDRICK D. LIDDELL, ET AL.,

Plaintiffs,

CHERLY STAMPS; MARIE G. STEWART; MAGGIE L. CAMPBELL; ESTOLA CLAY;
CAREY G. COX; PATRICIA A. COX; AUTHORINE WHITE; DWIGHT C. WILKINSON;
JAMES E. WILLIAMS; MAGGIE WILLIAMS; LILLIE WILSON; DIXIE YOUNG;
WILLIE CHANDLER; SUSIE G. EDWARDS; CAROL L. WILLIS; MORRIS D. RUSH;
ELSIE W. RUSH; CATHERINE GIVENS; BESSIE BRIM,

Plaintiffs-Appellants,

VERSUS

FIRST FAMILY FINANCIAL SERVICES, INC., ET AL.,

Defendants,

FIRST FAMILY FINANCIAL SERVICES, INC.;
FIRST FAMILY FINANCIAL SERVICES MANAGEMENT CORPORATION;
ASSOCIATES FINANCIAL SERVICES COMPANY, INC.;
ASSOCIATES INVESTMENT CORPORATION;
ASSOCIATES FIRST CAPITAL CORPORATION;
ASSOCIATES CORPORATION OF NORTH AMERICA; ASSOCIATES CAPITAL BANK;
AMERICAN HEALTH AND LIFE INSURANCE COMPANY;
CITIFINANCIAL RETAIL SERVICES, INC.; CITIFINANCIAL, INC.;
CITIFINANCIAL OF MISSISSIPPI, INC.; COMMERCIAL CREDIT CORPORATION;
ASSOCIATES HOUSING FINANCE LLC,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
m 4:02-CV-43

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges

JERRY E. SMITH, Circuit Judge:

In this appeal, we address whether the district court abused its discretion when it granted defendants' motion for summary judgment on a determination that plaintiffs' claims are barred by the statute of limitations. Because to toll limitations for fraudulent concealment under Mississippi law, there must be evidence of an affirmative act of concealment after the initial fraud, the district court appropriately dismissed plaintiffs' claims for fraud in the sale of insurance. We affirm.

I.

The plaintiffs sued to recover damages for alleged fraudulent misrepresentations and omissions by the defendants in the sale of consumer credit insurance that accompanied defendants' issuance of consumer loans.[1] The most recent of the transactions at issue transpired in May 1998; plaintiffs sued in February 2002, more than three years later. Specifically, plaintiffs allege that defendants misrepresented and concealed numerous material facts, including "the costs and benefits . . . of purchasing insurance."[2] Plaintiffs concede that defendants did not engage in any acts of concealment after the sales transactions took place.

II.

On appeal, the standard of review for the entry of summary judgment is *de novo*.[3] Summary judgment is proper only where, viewed in the light most favorable to the nonmoving party, the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[4]

III.

All parties agree that MISS. CODE § 15-1-49 is the applicable statute of limitations for plaintiffs' claims, establishing a three-year

---

[1] Because the limitations question is dispositive for all the plaintiffs, we avoid examining distinct subclasses of the plaintiffs and any separate grounds for dismissal relied on by the district court.

[2] Plaintiffs make a litany of charges that essentially stem from an alleged comprehensive effort to defraud customers in the sale of "unnecessary" and "overpriced" supplemental credit insurance.

[3] *King v. Provident Life & Acc. Ins. Co.*, 23 F.3d 926, 928 (5th Cir. 1994).

[4] *Am. States Ins. Co. v. Natchez Steam Laundry*, 131 F.3d 551, 553 (5th Cir. 1998).

limitations period for fraud claims.[5] Under Mississippi law, each of plaintiffs' claims accrued on the completion date of the loan transactions.[6] Therefore, it is evident that plaintiffs have failed to bring their claims within the three-year statutorily defined period.

Plaintiffs contend, however, that defendants' fraudulent concealment tolls the running of the limitations period. Section 15-1-67 of the Mississippi Code states that "[i]f a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Consequently, to establish fraudulent concealment, plaintiffs must demonstrate (1) that defendants acted affirmatively to conceal the fraud; and (2) that plaintiffs could not have discovered the alleged fraud with the exercise of due diligence.[7]

Although plaintiffs concede that they bear the burden of demonstrating defendants' affirmative acts of concealment, they contend that such affirmative acts need not occur after the time of the alleged fraud. Rather, plaintiffs assert that the defendants' "pattern of conduct" at the time of the insurance sale was "self-concealing."[8] The statute, speaking only of concealment, is seemingly ambiguous as to whether the affirmative acts need occur after the initial fraud or whether, to the contrary, acts of concealment at the time of the sale, like those alleged by plaintiffs, can also toll the statute of limitations.

The plaintiffs argue that because the fraud here is of a "self-concealing" nature, they need only show evidence of the fraud itself to establish the first element of fraudulent concealment.[9] Therefore, plaintiffs' assertions of affirmative acts at the time of the sale would be sufficient to establish this first required element. Plaintiffs' reliance on Texas precedent is at best only persuasive, however, and not binding on our explication of Mississippi law.

Plaintiffs correctly note that at least one court has recognized that the affirmative-act question remains unresolved in Mississippi.[10]

---

[5] The statute provides a limitations period for all claims that do not have a separately specified limitations period.

[6] *Stephens v. Equitable Life Assurance Soc'y*, 850 So. 2d 78, 82 (Miss. 2003) (stating that fraud claims "accrue[] upon the completion of the sale induced by such false representation or upon the consummation of the fraud").

[7] *Id.* at 83. ("[P]laintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it.")

[8] Though it remains uncertain whether the district court properly concluded that plaintiffs have not alleged any affirmative acts of concealment, it is unnecessary to examine the question, because plaintiffs concede that they have alleged no such acts that occurred after the transactions at issue.

[9] Plaintiffs base their argument on *Texas v. Allan Constr. Co.*, 851 F.2d 1526 (5th Cir. 1988), in which we interpreted the doctrine of fraudulent concealment *under Texas law* as a means to toll the limitations period of the Sherman Anti-Trust Act.

[10] *Phillips v New England Mut. Life Ins. Co.*, 36 F. Supp. 2d 345 (S.D. Miss. 1998) ("The Mississippi Supreme Court has not yet decided wheth-
(continued...)

Though plaintiffs cite another district court case for support of a lesser point,[11] and that opinion does acknowledge that in 2002, the question on the timing of affirmative acts remained unresolved under Mississippi authority,[12] the opinion plaintiffs cite was vacated a few months later by the same district judge.[13]

Therefore, the plaintiffs' entire argument must stand on this assumption that the timing of the affirmative-act requirement is still undecided in Mississippi and that, therefore, persuasive precedent from Texas should control here. We reject plaintiffs' invitation to apply Texas law, because in *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003), we held that Mississippi law is in fact well settled with respect to this issue, stating that "Missis-

sippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations."

We adhere to the rule of *stare decisis* in interpreting state law.[14] Absent a Mississippi Supreme Court decision or statutory amendment, the caselaw of this court interpreting § 15-1-67 binds this panel.[15] Because neither the Mississippi legislature nor the Mississippi Supreme Court has spoken on this issue, we are bound by *Ross*.

In *Ross*, we faced a case similar to that presented here. Plaintiffs alleged fraudulent misrepresentations and omissions in the sale of supplemental credit insurance products during plaintiffs' loan application processes.[16] Applying Mississippi law, we held that "[p]ursuant to § 15-1-67, [p]laintiffs were required to prove an affirmative act of fraudulent concealment post-completion of the insurance sales in order to toll the statute of limitations."[17]

In spite of the district court's proper reli-

---

[10](...continued) er subsequent affirmative acts of concealment are required to toll the statute of limitations for fraud when the underlying action itself is based on fraud.").

[11] *Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561 (S.D. Miss. 2002) (remanding based on the fact that there was a possibility that underlying claim had been tolled by fraudulent concealment.), *vacated*, 246 F. Supp. 2d 546 (S.D. Miss. 2003), *appeal dism'd*, 391 F.3d 636 (5th Cir. 2004). Plaintiffs cite this case to support their argument that fraudulent concealment is "widely accepted by Mississippi Courts."

[12] *Id.* at 566-68. (2002) (granting plaintiffs' motion to remand to state court because court could not find that there was "no possibility" of plaintiffs recovery when under state law when the requirement of subsequent affirmative acts remained unresolved in Mississippi courts.)

[13] *See Rainwater v. Lamar Life Ins. Co.*, 246 F. Supp. 2d 546 (S.D. Miss. 2003), *appeal dism'd*, 391 F.3d 636 (5th Cir. 2004).

[14] *See Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc).

[15] *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir. 2000) ("Therefore, a prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong.").

[16] *Ross*, 344 F.3d at 460. Specifically, "Plaintiffs alleged: their insurance premiums were excessive compared to market rates; they were inflated by commissions; and their loan interest and principal were increased by including the insurance polices within the loan amounts or unnecessarily refinancing the loans." *Id.*

[17] *Id* at 464.

ance on *Ross* for deciding this question, plaintiffs remain convinced that *Allan Construction* should control.[18] That assertion is further undermined by the fact that *Ross* is not unique in holding that § 15-1-67 requires subsequent affirmative acts of concealment. In *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 637 (5th Cir. 2004) (per curiam), which is the appeal in a district court proceeding the plaintiffs cite in support of their position,[19] we remarked that "[o]ur decision in *Ross* resolved any remaining doubts that the district court may have had about a substantial ground for a difference of opinion on the doctrine of fraudulent concealment." More importantly, the Mississippi Supreme Court recently indicated its agreement by holding that "there must be some subsequent affirmative act by the defendant which was designed to prevent and which did prevent discovery of the claim." *Andrus v. Ellis*, 887 So. 2d 175, 181 (Miss. 2004) (citing *Stephens*, 850 So. 2d at 83-84).

Plaintiffs, in relying on Texas precedent, have not alleged any subsequent acts of concealment against any defendant. Therefore, pursuant to § 15-1-67 and *Ross* and *Andrus*, they have failed to establish fraudulent concealment. Consequently, the three-year limi-

tations period set forth in § 15-1-49 is not tolled. Because plaintiffs' claims are untimely, the district court correctly granted summary judgment in favor of the defendants.[20]

AFFIRMED.

---

[18] Disregarding the district court's reliance on *Ross* in determining the applicable construction of § 15-1-67, plaintiffs' brief on appeal lacks even a single mention of *Ross*. Though plaintiffs' brief challenges *Stephens* by stating that "*Stephens* does not change the law whatsoever from the holding of *Allan*" because fraudulent concealment was never presented in *Stephens*, such argument misses the point that *Ross* firmly established the requirement of an affirmative act of concealment subsequent to the sale.

[19] *See supra* notes 11-13 and accompanying text.

---

[20] Because plaintiffs have failed to plead subsequent affirmative acts of concealment as required by § 15-1-67, it is unnecessary to determine whether, regarding the requirement of diligence as a matter of law, they could have discovered the fraud before limitations had run.

5