**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 14-60770

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2015

Lyle W. Cayce
Clerk

KINSALE INSURANCE COMPANY,

Plaintiff - Appellee

v.

GEORGIA-PACIFIC, L.L.C.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, DAVIS, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The district court entered a declaratory judgment that Kinsale Insurance Company owed no indemnity under a policy it had issued to Georgia-Pacific, L.L.C. The court found that a policy exclusion applied that related to claims brought by one insured against another. We REVERSE and REMAND.

The insurance issues in this case arose after Georgia-Pacific hired Advanced Services, Inc. for demolition work on Georgia-Pacific's idled plywood plant in Gloster, Mississippi. Advanced was covered by a Commercial General Liability policy written by Kinsale Insurance Company. Georgia-Pacific was an additional insured under the policy. A fire occurred at the plant, damaging equipment Advanced had leased from H&E Equipment Services for the

No. 14-60770

demolition work.  Several lawsuits followed. Among them was one brought by H&E against Advanced.  In that suit, Advanced filed a third-party demand for indemnification against Georgia-Pacific for any damages Advanced was required to pay H&E.  Georgia-Pacific filed a claim for coverage under the Kinsale policy for any indemnification it might be found to owe Advanced. Kinsale denied coverage and cited a policy exclusion that applies to suits brought by one insured against another.

Kinsale then filed suit in the United States District Court for the Southern District of Mississippi.  That is the suit before us on appeal.  It sought a declaratory judgment that it did not owe indemnity to Georgia-Pacific. Georgia-Pacific counterclaimed for a declaration that the insured-versus-insured exclusion was inapplicable.

After cross-motions for summary judgment, the district court found that the exclusion was not ambiguous and that the third-party demand arose as a result of property damage.  Consequently, the claim was barred by the exclusion's plain meaning.  It granted summary judgment in favor of Kinsale. Georgia-Pacific appealed.

## DISCUSSION

This court reviews "a grant of summary judgment de novo, applying the same standard as the district court." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009).  We review a district court's interpretation of an insurance contract de novo because it is a matter of law.  *Id.* at 877-78.  The district court applied Louisiana law, which the parties agree applies.

The Louisiana Supreme Court interprets insurance contracts under the same analysis used to interpret other contracts.  *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).  A judge's role is to determine the "common intent" of the parties.  *Id.*  Words should be given their "generally prevailing

2

meaning, unless the words have acquired a technical meaning." *Id.* A policy should be enforced according to its terms if it is not ambiguous. *Id.*

The relevant exclusion states: "This insurance does not apply to claims or 'suits' for 'bodily injury,' 'property damage' or 'personal and advertising injury' brought by one insured against any other insured." Georgia-Pacific argues that the exclusion is inapplicable because Advanced's claim or suit is not one for property damage *brought by* one insured against another. The original property-damage claim was brought by H&E, who was a stranger to the policy. It claimed that Advanced was liable for destruction of H&E's equipment as a result of the fire at the plywood plant. Advanced did not, in turn, seek damages from Georgia-Pacific due to a property loss; it sought indemnity based on general tort principles for the property damage that occurred to another party. Advanced had no property damage, but it seeks protection from a potential duty to pay for someone else's property damages.

Though Advanced does not claim property damage, the same suit contains H&E's claim for such damages. Is that enough? The district court thought it was. The court partly relied on the policy definition of a "suit," which is "a civil proceeding in which damages because of 'bodily injury,' 'property damage,' or 'personal and advertising injury' to which this insurance applies are alleged." We agree the litigation was a "suit" under the policy, as it was a civil proceeding in which property damage was alleged. The exclusion itself, though, requires that the claim or suit for property damage be brought by one of the insureds against another insured. The district court applied the exclusion because the court concluded that Advanced's third-party demand was both a suit and a civil proceeding that "essentially seeks reimbursement for a damages claim." The indemnity claim certainly does seek reimbursement, but that does not make the claim one for property damage brought by one insured against another.

3

No. 14-60770

It will help us focus on the issue by considering exactly what Advanced claimed.   Advanced filed a third-party demand against Georgia-Pacific, alleging that Georgia-Pacific was liable because it had exclusive control of the premises when the fire occurred.   A third-party demand is a procedural mechanism under Louisiana law by which "[t]he defendant in a principal action may bring in any person . . . who is or may be liable to him for all or part of the principal demand."   LA. CODE CIV. PROC. ANN. art. 1111.   This claim is not a claim by Advanced for property damage.   Rather, it is a claim for indemnity.   Such a claim allows "a joint tortfeasor who was only technically or constructively at fault [to] recover from the joint tortfeasor who was actually at fault."   *See Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 144 (5th Cir. 1961) (citation and quotation marks omitted).   To succeed, Advanced would need to show it is "not actually at fault, [and its] liability results from the fault of others . . . ." *Bewley Furniture Co., Inc. v. Maryland Cas. Co.*, 285 So. 2d 216, 219 (La. 1973).   The claim, if successful, would pass liability for a single amount of damages from one potentially liable party to the next.

We conclude that the insured versus insured exclusion does not apply. Advanced "brought" a "claim" against another insured, Georgia-Pacific, but it was not one for "property damage."   The plain meaning of the exclusion makes it inapplicable to an indemnity claim.

Both the district court and Kinsale relied on one of our precedents to support the opposite interpretation of the exclusion.   *See Fid. & Deposit Co. of Md. v. Conner,* 973 F.2d 1236 (5th Cir. 1992).   The district court described the opinion as one in which "application of an 'insured versus insured' exclusion to an insured's third-party demand against another insured" was upheld.   That case involved a policy insuring a bank's directors and officers. *Id.* at 1238.   The FDIC became the receiver of the bank and brought suit against some but not all former directors and officers. *Id.*   One of the defendant directors, Conner,

4

filed a third party claim against some of the other former directors who had not been made defendants, claiming they were jointly liable with him. *Id.* at 1239. The insurance company refused to defend any of the parties and disclaimed a duty to indemnify. *Id.* As against the FDIC, the insurer relied on an exclusion for claims brought against directors and officers by regulators; against Conner, it relied on an exclusion for claims brought by any director or officer against any other officer or director. *Id.* at 1238. After a judgment declaring that both exclusions were applicable, the FDIC and Conner appealed. *Id.* at 1239. This court held that the FDIC[1] as subrogee stood in the bank's shoes, and had no greater rights than would the bank itself. The exclusion applied. "In sum, the Bank owned the right to pursue certain claims directly against its directors. The FDIC-receiver succeeded to this right by statute, and the FDIC-corporate then succeeded to it by assignment." *Id.* at 1243. In summary, the FDIC as receiver had a statutory right to pursue the same claims as could the bank prior to the receivership, while the FDIC as assignee of some of the assets became subrogated to the rights of the bank. The claim by the FDIC against officers and directors, and the claim by one director against others, were no different in legal effect than had they been brought by the bank itself or by directors before the receivership.

The court had no difficulty determining that the exclusion barring coverage for actions brought by regulators unambiguously applied. *Id.* at 1240. The insured versus insured exclusion, though, was not discussed in detail. We did say as to the director, Conner, that "the plain language of the insured v. insured exclusion bars Conner's claims against his former colleagues." *Id.* at 1245. Unlike our case, the exclusion there had no limitation based on the

---

[1] The FDIC as receiver took possession of the bank's assets and liabilities; it then sold some of the assets to the FDIC in its corporate capacity. *Id.* at 1238.

nature of the claim, such as one for property damage or bodily injury. *See id.* at 1238 (policy excludes "*any claim* made against the Directors and Officers by any other Director or Officer . . .," with one exception) (emphasis added). Further, Conner was not seeking indemnity but instead claimed that the others were jointly liable with him. *Id.* at 1239. Joint liability does not pass through liability for the claim, but instead it seeks to share liability. BLACK'S LAW DICTIONARY, "Joint Liability" (10th ed. 2014).

We do not deny that it is possible that Advanced's indemnity claim could become a battle between two insureds over who, if either, was responsible for the fire and even whether there was shared responsibility. One central purpose of the insured versus insured exclusion no doubt is to keep the insurance company free from such litigation. Even if that occurs, the dispute here is not based on a claim for property damage brought by one insured against another. It is a claim for indemnity that arises out of another party's claim for property damage. Consequently, this particular insured versus insured exclusion is inapplicable.

REVERSED and REMANDED.