# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2017

Lyle W. Cayce
Clerk

No. 15-60785

FULL HOUSE RESORTS, INC. and SILVER SLIPPER CASINO VENTURE, LLC,

      Plaintiff – Appellants,

v.

BOGGS & POOLE CONTRACTING GROUP, INC.,

      Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-223

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case arises out of a dispute concerning the construction of a parking garage adjacent to a casino. The district court granted summary judgment for the construction company under Mississippi's statute of limitations. Because we determine there is a fact issue as to the timeliness of the casino's claims,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60785

we reverse the judgment of the district court and remand for further proceedings.

## I.

In 2006, plaintiff Silver Slipper Casino Venture[1] contracted with defendant Boggs Contracting Group, Inc. to build a parking garage, which was completed in February 2007. The parking garage was built without placing rebar in the "pour strips," which eventually led to concern about the structural soundness of the garage. One complete set of plans ("TO BOGGS plans") showed rebar in the pour strips but another set of plans ("shop drawings") did not. The parties dispute whether concrete was poured as an act of concealment to cover up the missing rebar, or merely as a step in completing the concrete pour strips necessary for the garage.

After a 2008 arbitration between Silver Slipper and the contractor, Full House's purchase of the casino, and Full House's discovery of the missing rebar, Full House brought seven claims against Boggs related to the rebar. All of these claims were barred, however, because the three- and six-year statutes of limitations and of repose had run. Full House argued in the district court that the statutes were tolled because Boggs fraudulently concealed the claims. The district court granted summary judgment for Boggs on this issue. *Full House Resorts, Inc. v. Boggs & Poole Contracting Group, Inc.*, No. 1:14-CV-223, slip op. 6 (S.D. Miss. Oct. 5, 2015).

In reaching its decision, the district court reasoned that Mississippi law required an affirmative act of fraudulent concealment to occur after the underlying act in order to toll the limitations. Finding no evidence of a separate and affirmative act to conceal the alleged wrongful action, the district

---

[1] Silver Slipper contracted for the garage. Plaintiff Full House Resorts, Inc. purchased the land and improvements from Silver Slipper in 2012.

No. 15-60785

court granted Boggs's motion for summary judgment, which effectively barred all of Full House's other claims as being untimely.  *Id.* at 6.

## II.

Summary judgment may only be granted when the facts are settled and the law dictates the result.  Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A court "must determine whether a genuine issue of material fact exists, rather than how that issue should be resolved."  *Cole v. Chevron Chem. Co., Oronite Div.*, 427 F.2d 390, 393 (5th Cir. 1970).  This court reviews a grant of summary judgment *de novo*.  *Kinsale Ins. Co. v. Georgia-Pacific, L.L.C.*, 795 F.3d 452, 454 (5th Cir. 2015).

The Mississippi Code contains a general three-year statute of limitations (Miss. Code Ann. § 15-1-49(1) (West 2016)) and a six-year statute of repose for construction claims (Miss. Code Ann. § 15-1-41 (West 2016)).  The tolling provision states that if "a person liable to any personal action shall fraudulently conceal the cause of action" from the person entitled to know about it, the cause of action shall functionally accrue when "such fraud shall be, or with reasonable diligence might have been, first known or discovered." Miss. Code Ann. § 15-1-67 (West 2016).  Fraudulent concealment requires both an "affirmative act or conduct [performed by the defendant that] prevented discovery of a claim," and that the plaintiff performed due diligence to discover it.  *Stephens v. Equitable Life Assurance Soc'y*, 850 So.2d 78, 84 (Miss. 2003).  There is no dispute that the casino's lawsuit, without the tolling exception, was untimely under both of the applicable statutes.

## III.

We address the legal and factual issues in turn. Full House argues here that the district court erred when it required acts of concealment that occurred

No. 15-60785

*after* the underlying act, rather than merely separate from the underlying act. Alternatively, Full House points out that there is evidence in the record of a separate act of concealment. We agree on both points.

Although Mississippi requires an affirmative act that prevented discovery of a claim, *Stephens*, 850 So.2d at 84, the law does not require that such an affirmative act occur "after" the wrongful act. Instead, it merely requires that the underlying wrongful act be distinct from the "fraudulent concealment." While a distinct act of concealment may well come after an underlying wrongful act, the law requires only an affirmative act, not a subsequent affirmative act.

This is obscured by the fact patterns in two of our cases, both of which concern financial fraud. In both *Ross* and *Liddell*, the plaintiffs alleged that fraudulent misrepresentation occurred, which caused them to purchase optional credit insurance in connection with loan agreements. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 460–61 (5th Cir. 2003); *Liddell v. First Family Fin. Servs. Inc.*, 146 F. App'x 748, 749–50 (5th Cir. 2005). The language used in both cases reflects the type of wrongful action at issue. It would be very difficult to affirmatively conceal a fraudulent inducement *prior* to the completion of the sale of financial products. Thus, both *Ross* and *Liddell* discuss "subsequent affirmative acts" as a requirement for fraudulent concealment because the wrongful conduct at issue in both cases could only be fraudulently concealed subsequently. *See Ross*, 344 F.3d at 464 (holding plaintiffs needed "to prove an affirmative act of fraudulent concealment post-completion of the insurance sales" to prevail); *Liddell*, 146 F. App'x at 750–51 (disagreeing that the fraud was "self-concealing" and noting reliance on *Ross*).

The Mississippi Supreme Court decisions support this analysis. As Full House noted, the Mississippi Supreme Court referred to "subsequent affirmative acts of concealment" in a case about credit insurance policies,

4

*Andrus v. Ellis*, 887 So.2d 175, 181 (Miss. 2004), which contained facts very similar to *Ross* and *Liddell. See id.* at 176–78. This is distinct from the seminal Mississippi fraudulent concealment case, *Windham v. Latco of Miss., Inc.*, 972 So.2d 608, 609–10 (Miss. 2008), in which that court examined a claim for fraudulent concealment concerning leaking roofs of chicken houses. In concluding that fraudulent concealment could toll both a statute of limitation and a statute of repose, the Mississippi Supreme Court noted "that a high standard exists for proving fraudulent concealment," but then went on to describe the test as only requiring that "(1) *some* affirmative act or conduct was done and prevented discovery of a claim," which was "designed to prevent the discovery of the claim," and that due diligence was performed to discover the fraudulent concealment. *Id.* at 614 n.8 (emphasis added). The Mississippi Supreme Court determined that "some affirmative act . . . designed to prevent the discovery of a claim" was a high standard to prove fraudulent concealment, but it never specified that such an act must always be subsequent to the underlying wrongful conduct. *See id.* at 614 n.8, 616 (remanding for factual considerations on fraudulent concealment claim).

Additional Mississippi case law supports the conclusion that any temporal requirement is fact-specific. *See Channel v. Loyacono*, 954 So.2d 415, 423–24 (Miss. 2007) (requiring showing of "some affirmative act" that "prevented discovery of a claim" and determining the plaintiffs had not shown that law firm fraudulently concealed their malpractice claims against the firm); *Townes v. Rusty Ellis Builder, Inc.*, 98 So.3d 1046, 1056 (Miss. 2012) (requiring plaintiffs show "an affirmative act" prevented discovery of a claim and remanding for factual findings on an equitable estoppel claim). Some fact patterns may require a subsequent act to show an affirmative act of concealment. This case, involving an alleged breach of a construction contract,

No. 15-60785

does not present such a situation. *See Windham*, 972 So.2d at 614 n.8 (requiring an affirmative, but not necessarily subsequent, act of concealment).

However, even assuming *arguendo* that the law did require a subsequent act of concealment, there is a genuine issue of material fact that makes summary judgment inappropriate. Full House argues that Boggs committed two separate acts of concealment: first by pouring concrete into the pour-strips, and second by certifying that it had completed construction "according to plan." Because Boggs issued this certification after construction was complete, Full House argues there is a fact question whether the certification was a *subsequent* affirmative act of concealment. Boggs argues that it truthfully certified the job had been completed according to plan, because the shop drawings did not show rebar, even though the TO BOGGS plans did. Because there is a genuine issue of material fact whether Boggs committed a separate act of fraudulent concealment when it certified completing the construction "according to plan," summary judgment was inappropriate here, even under the district court's more restrictive approach.

IV.

Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings consistent with this opinion.